JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BRYAN K. SOMMERS

**DEFENDANTS**

JORGE PEREZ-SANCHEZ AND JC LIFE TRUCKING LLC

**(b)** County of Residence of First Listed Plaintiff  Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Hudson
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Daniel S. Doyle, Esq.
21 W Second St., Media, PA 19063; 6105654800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S.C. tITLE 228 1332

Brief description of cause: motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
>75000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _____I76, Cumru Township, PA_____

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                              Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?
    If yes, attach an explanation.                                                                       Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Wage and Hour Class Action/Collective Action
☐  6.  Patent
☐  7.  Copyright/Trademark
☐  8.  Employment
☐  9.  Labor-Management Relations
☐  10.  Civil Rights
☐  11.  Habeas Corpus
☐  12.  Securities Cases
☐  13.  Social Security Review Cases
☐  14.  Qui Tam Cases
☐  15.  Cases Seeking Systemic Relief  **\*see certification below\***
☐  16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☒  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify)*:_____
☐  7.  Products Liability
☐  8.  All Other Diversity Cases:  *(Please specify)*_____

_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ **does not** have implications beyond the parties before the court and ☐ does / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN K. SOMERS**<br>**4465 Prestwick Drive**<br>**Reading, PA 19606** | :<br>:<br>: | **No.** |
| | : | |
| **v.** | : | |
| | : | |
| **JORGE PEREZ-SANCHEZ**<br>**817 87th Street**<br>**North Bergen, NJ 07047** | :<br>:<br>: | |
| | : | |
| **and** | : | **Jury Trial of Twelve Members** |
| | : | **is Demanded** |
| **JC LIFE TRUCKING, LLC**<br>**817 87th Street**<br>**North Bergen, NJ 07047** | :<br>:<br>: | |

## COMPLAINT-CIVIL ACTION

Plaintiff, Bryan K. Somers, by and through attorney, Daniel S. Doyle, Esquire, hereby files this Complaint and in support thereof, avers as follows:

## NATURE OF ACTION

1.    The Plaintiff Bryan K. Somers ("Plaintiff") brings this action to recover monetary damages under Pennsylvania law regarding claims for negligence.

## PARTIES

2.      Plaintiff, Bryan K. Somers is a citizen of Pennsylvania residing at the above-captioned address.

3.      Defendant, Jorge Perez Sanchez is an adult individual residing at and/or working from the above-captioned address.

4.      Defendant, JC Life Trucking, LLC ("Defendant JC Life Trucking") is a corporation or other business entity with an office, and/or a principal place of business located at the above-captioned address in New Jersey.

## JURISDICTION

5.      Jurisdiction is based on diversity of citizenship and amount of damages in controversy, pursuant to U.S.C. Title 28 §1332.

6.      Plaintiff is a citizen of Pennsylvania, and Defendants are citizens of New Jersey, with a residence and corporate offices located in New Jersey.

7.      Accordingly, there is diversity of citizenship between Plaintiff and all Defendants.

8.      The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars.

9.      Accordingly, there is appropriate Federal court jurisdiction.

## VENUE

10.     The Eastern District of Pennsylvania is a proper venue for this case because it arises out of a motor vehicle accident which occurred in Berks County, Pennsylvania.

## JURY DEMAND

11.Plaintiff hereby demands a jury trial of twelve members.

## FACTS OF ACCIDENT

12.     On or about June 5, 2025, Plaintiff Bryan Somers was lawfully operating a Ford Transit 250 mid roof truck, and towing a trailer, with numerous tools, while traveling north on I-176.

13.     At or about the above time and place, Defendant Jorge Perez-Sanchez was operating a large truck owned by JC Life Trucking, bearing New Jersey registration and license plate AZ891J.

14.     At all times pertinent hereto, Defendant Perez-Sanchez was acting as an agent, servant, workman and/or employee of Defendant JC Life Trucking within the scope of such agency or employment. In the alternative, it is averred that Defendant acted individually but with permission from Defendant JC Life Trucking to operate the vehicle at the time of the accident.

15.     At all times pertinent hereto, Defendant JC Life Trucking acted through its agent, servant, workman and/or employee, Defendant Perez-Sanchez and/or granted permission for said Defendant to operate the truck at the time of the accident.

16.     At or about the above-mentioned time and place, Defendant Perez-Sanchez caused his truck to violently collide with the passenger side of the vehicle being lawfully operated by Plaintiff Somers, resulting in a serious accident and grievous injury to Plaintiff, and significant property damage to the truck and its contents.

17.     As a result of his negligent operation of his vehicle, Defendant Perez-Sanchez was issued Citation #E 0010257-2 by the Cumru Township Police Department for violating  75 § 3334 §§ A.

18.     On October 23, 2025, Defendant Perez-Sanchez was found guilty of violating 75 § 3334 §§ A by District Justice David L. Yoch and is thus *negligent per se.*

19.     The above accident was due solely to the negligence, carelessness and recklessness of Defendants and due in no manner to any act or failure to act on the part of the Plaintiff.

## COUNT I
## BRYAN K. SOMERS v. JORGE PEREZ-SANCHEZ

20.     Plaintiff incorporates by reference the averments stated in paragraphs 1 through 18 above as if fully set forth herein at length.

21.     The accident was caused by the negligence, carelessness and recklessness of Jorge Perez-Sanchez as follows:

a)      failing to keep a proper lookout while operating his vehicle;

b)      failing to allow sufficient space between his vehicle and other vehicles on the roadway so as to avoid a collision;

c)      failing to maintain an appropriate speed under the circumstances;

d)      failing to follow applicable statutes and ordinances concerning the operation of vehicles, constituting *negligence per se*;

e)      failing to properly apply his brakes or use evasive maneuvers to avoid a collision with a vehicle operating lawfully on the roadway;

f)      failing to properly familiarize himself with the truck and/or failing to obtain proper licensing, certification and/or permits for operation of the truck;

g)      operating a vehicle that was not permitted by law to be operated at the time of the accident; and

h)      operating the vehicle while distracted and/or in a state of mind which rendered the operation of a large truck reckless under the circumstances.

22.      As a direct result of the negligence, carelessness and recklessness of Defendant, Plaintiff Bryan Somers suffered multiple injuries which rendered him sick, sore and disabled, including, but not limited to, injury to his head, neck, shoulders, arms, back, legs, knees, left ankle, body and nervous system, some or all of which may be permanent.  More specifically, Plaintiff suffered the following injuries, each of which is causally related to the June 5, 2025 accident: (a) Traumatic left internal carotid artery (ICA) dissection with progression to near-occlusion and critical 99% proximal left ICA stenosis, requiring emergency diagnostic left carotid arteriogram and left carotid endarterectomy with bovine pericardial patch angioplasty on October 8, 2025, performed under general anesthesia, with postoperative ICU admission and continued dual

antiplatelet and statin therapy, all of which may be permanent and/or require ongoing vascular surveillance; (b) Traumatic brain injury and post-concussion syndrome, manifesting as chronic daily headaches, photophobia and light sensitivity, intermittent diplopia and right-sided color vision loss, mental fog, cognitive slowing, forgetfulness, dizziness, off-balance sensation, and intermittent dorsal tingling/paresthesias of the right hand and foot, some or all of which may be permanent; (c) Cervicalgia with limited cervical range of motion, tenderness of the suboccipital musculature, cervical paraspinals, upper trapezius and levator scapulae, reduced deep neck flexor endurance, and radicular symptoms including tingling provoked by cervical compression and Spurling's tests; (d) Binocular vision disorder with convergence insufficiency, exophoria, saccadic and pursuit movement deficiencies, and disorganized ocular tracking, necessitating ongoing vision therapy; (e) Closed wedge compression fracture of the L3 vertebra with chronic back pain, requiring use of a TLSO brace; (f) Right knee injury with persistent medial joint line pain, stiffness, and swelling aggravated by walking and pivoting, requiring corticosteroid injection, hinged knee brace, physical therapy referral, MRI evaluation, right knee surgery; and (g) Left ankle sprain involving the deltoid ligament with associated ambulatory dysfunction.

23.    As a direct result of the negligence, carelessness and recklessness of Defendant, Plaintiff Bryan Somers has been required to incur expenses for reasonable and necessary medical treatment and medication for his injuries, and will continue to require medical treatment and medication, and will incur medical expenses into the future.

24.     As a direct result of the negligence, carelessness and recklessness of Defendant, Plaintiff Bryan Somers has suffered and will continue to suffer severe physical and mental pain, symptoms, disability, limitation, incapacity, mental anguish, anxiety, depression, trauma, embarrassment and humiliation, all of which may be permanent in nature.  More specifically, Plaintiff has endured and will continue to endure: chronic daily headaches and photophobia significantly interfering with his capacity to engage in ordinary daily activities including reading, near work, and night driving; cognitive limitations including persistent mental fog, forgetfulness, and impaired concentration limiting his ability to perform his occupation in the HVAC trade; constant cervical pain with limited head rotation impairing driving and all physical vocational tasks; vestibular and balance deficits including dizziness and off-balance sensation rendering ladder and elevated work unsafe; visual impairment including diplopia, right-sided color vision loss, and oculomotor dysfunction requiring ongoing vision therapy; the physical, emotional, and psychological burden of having undergone major vascular surgery of the neck including a carotid endarterectomy under general anesthesia; chronic low back pain from the L3 compression fracture; and persistent right knee pain interfering with ambulation and weight-bearing activities.

25.     As a direct result of the negligence, carelessness and recklessness of Defendant, Plaintiff Bryan Somers has suffered wage loss and a loss of earning capacity.

26.     As a further direct result of the negligence, carelessness and recklessness of Defendant, Plaintiff Bryan Somers has suffered Property damage in the amount of $48,193.33.  A schedule of the damages claimed and replacement costs is attached hereto as Exhibit "A."

27.    It is further believed and therefore averred that Defendant Perez-Sanchez was aware that JC Life Trucking, LLC was not permitted to operate by the Department of Transportation but recklessly chose to operate the truck anyway. Such knowledge, in addition to the reckless behavior described above, justifies an award of punitive damages.

**WHEREFORE**, Plaintiff, Bryan Somers hereby demands judgment in his favor against Defendants in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus interest, delay damages, punitive damages and costs.

## COUNT II
## BRYAN K. SOMERS v. JC LIFE TRUCKING, LLC

28.    Plaintiff incorporates by reference the averments stated in paragraphs 1 through 26 above as if fully set forth herein at length.

29.    Defendant JC Life Trucking is liable for the negligence of Defendant Jorge Perez-Sanchez under the doctrine of *respondeat superior*.

30.    The accident was further caused by the negligence, carelessness and recklessness of Defendant JC Life Trucking, LLC as follows:

a)    permitting an individual to operate their truck despite knowing, or having reason to know that person would operate the vehicle in a negligent manner;

b)    failing to properly maintain their vehicle in a condition where it was safe for other vehicles on the road;

c)    failing to properly instruct Defendant Perez-Sanchez in the safe operation of the vehicle;

d)      failing to maintain proper standards and business policy by which its drivers would be required to demonstrate a commitment and capacity for safe operation of vehicles;

e)      entrusting a truck to Defendant Perez-Sanchez at a time when Defendant JC Life Trucking had reason to believe he was not fit to operate such a vehicle;

f)      entrusting a truck to Defendant Perez-Sanchez at a time when Defendant JC Life Trucking had reason to believe he was not licensed to operate such a vehicle;

g)      providing a truck and/or access to a truck to Defendant Perez-Sanchez at a time when Defendant JC Life Trucking was not permitted to operate by the Department of Transportation;

h)      failure to engage in proper hiring of its drivers;

i)      failure to test its drivers to determine competency, safety and knowledge of the rules of the road;

j)      failure to properly discipline its drivers;

k)      failure to refuse access to the vehicle under the circumstances; and

l)      failure to have a proper system by which access to a large truck would be limited, and denied to those who are likely to operate the vehicle unsafely.

31.      As a direct result of the negligence, carelessness and recklessness of Defendant JC Life Trucking, Plaintiff Bryan Somers suffered multiple injuries which rendered him sick, sore and disabled, including, but not limited to, injury to his head, neck, shoulders, arms, back, legs, knees, left ankle, body and nervous system, some or all of which may be permanent.   The injuries described in paragraph 19 above, which are incorporated herein by reference, include traumatic left internal carotid artery dissection

requiring emergency carotid endarterectomy, traumatic brain injury and post-concussion syndrome, closed wedge compression fracture of L3, right knee injury, cervicalgia with radicular symptoms, binocular vision disorder with convergence insufficiency, and left ankle sprain with ambulatory dysfunction, some or all of which may be permanent.

32.    As a direct result of the negligence, carelessness and recklessness of Defendant, JC Life Trucking, Plaintiff Bryan Somers has been required to incur expenses for reasonable and necessary medical treatment and medication for his injuries, and will continue to require medical treatment and medication, and will incur medical expenses into the future.

33.    As a direct result of the negligence, carelessness and recklessness of Defendant, JC Life Trucking, Plaintiff Bryan Somers has suffered and will continue to suffer severe physical and mental pain, symptoms, disability, limitation, incapacity, mental anguish, anxiety, depression, trauma, embarrassment and humiliation, all of which may be permanent in nature.

34.    As a direct result of the negligence, carelessness and recklessness of Defendant, JC Life Trucking, Plaintiff Bryan Somers has suffered wage loss and a loss of earning capacity.

35.    As a further direct result of the negligence, carelessness and recklessness of Defendant, Plaintiff Bryan Somers has suffered Property damage in the amount of $48,193.33. A schedule of the damages claimed and replacement costs is attached hereto as Exhibit "A."

36.    It is further believed and therefore averred that Defendant JC Life Trucking recklessly permitted Defendant Perez-Sanchez to operate its truck despite

knowing that such operation was not permitted by the Department of Transportation. Such knowledge, in addition to the reckless behavior described above, justifies an award of punitive damages.

**WHEREFORE**, Plaintiff, Bryan Somers hereby demands judgment in his favor against Defendants in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus interest, delay damages, punitive damages and costs.

## COUNT III

### BRYAN K. SOMERS v. JC LIFE TRUCKING, LLC AND

### JORGE PEREZ-SANCHEZ

### VIOLATIONS OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS

37.    Plaintiff incorporates by reference the averments stated in paragraphs 1 through 35 above as if fully set forth herein at length.

38.    At all times relevant hereto, Defendant JC Life Trucking, LLC (USDOT No. 3687615; MC No. 1285201) was subject to the Federal Motor Carrier Safety Regulations ("FMCSRs"), 49 C.F.R. Parts 300–399, promulgated by the Federal Motor Carrier Safety Administration ("FMCSA"), and was required to comply with all applicable federal regulations governing the operation of commercial motor vehicles in interstate commerce.

39.    According to FMCSA's Safety and Fitness Electronic Records ("SAFER") system, as of the date of the accident and at all times material hereto, Defendant JC Life Trucking's Operating Authority Status was designated as "NOT AUTHORIZED," meaning the carrier did not possess valid operating authority to engage in interstate, for-

hire commercial motor vehicle operations as required under 49 U.S.C. § 13901 and 49 C.F.R. Part 365. Notwithstanding this prohibited status, Defendants operated their commercial motor vehicle in interstate commerce on June 5, 2025, in direct violation of federal law.

40.     FMCSA records further reflect that Defendant JC Life Trucking is designated as a "New Entrant" carrier under 49 C.F.R. Part 385, Subpart D, and as such was subject to heightened oversight obligations, including mandatory safety audits and compliance with all safety fitness requirements. Defendant JC Life Trucking's failure to achieve or maintain the requisite operating authority reflects a systemic disregard for its obligations under the New Entrant Safety Assurance Program.

41.     In addition, under information and belief, the accident was further caused by Defendants' violations of the Federal Motor Carrier Safety Regulations, including but not limited to the following:

a)     Operating a commercial motor vehicle in interstate commerce without valid operating authority, in violation of 49 U.S.C. § 13901 and 49 C.F.R. § 392.9a;

b)     Failing to ensure that Defendant Perez-Sanchez possessed a valid commercial driver's license and all required endorsements for the class of vehicle operated, in violation of 49 C.F.R. §§ 391.11 and 391.13;

c)     Failing to investigate and review the qualifications of Defendant Perez-Sanchez prior to permitting him to operate a commercial motor vehicle, including failure to obtain and review his driving record, employment history, and road test certification, in violation of 49 C.F.R. §§ 391.21, 391.23, 391.25, and 391.31;

d)      Failing to ensure that Defendant Perez-Sanchez operated the commercial motor vehicle in a safe manner, including maintaining proper lane control, safe following distance, and appropriate speed, in violation of 49 C.F.R. §§ 392.2, 392.6, and 392.14;

e)      Failing to maintain the commercial motor vehicle in safe and proper operating condition, including performing and documenting required pre-trip and post-trip inspections, in violation of 49 C.F.R. §§ 396.11, 396.13, and 396.17;

f)      Failing to comply with hours of service regulations governing the maximum driving time and required rest periods for commercial motor vehicle operators, in violation of 49 C.F.R. Part 395; and

g)      Failing to maintain required insurance coverage at the minimum levels prescribed for for-hire motor carriers operating in interstate commerce, in violation of 49 C.F.R. Part 387.

42.     The foregoing violations of the Federal Motor Carrier Safety Regulations constitute *negligence per se* under applicable law. Plaintiff Bryan Somers, as a member of the class of persons these regulations were designed to protect, is entitled to rely upon said violations as establishing the standard of care, the breach of which directly and proximately caused his injuries.

43.     FMCSA's SAFER system further reflects that, within the twenty-four (24) months preceding the date of this Complaint, Defendant JC Life Trucking has been involved in at least one (1) reportable injury crash, and has accumulated five (5) roadside inspections with driver inspection violations at a rate exceeding the national average.

These records evidence a pattern of non-compliance with federal safety standards and further support the award of punitive damages against Defendants.

44.    As a direct and proximate result of Defendants' violations of the Federal Motor Carrier Safety Regulations as set forth herein, Plaintiff Bryan Somers suffered all of the injuries and damages described in paragraphs 21 through 25 and 30 through 34 above, including but not limited to serious physical injuries, past and future medical expenses, past and future wage loss and loss of earning capacity, and past and future pain, suffering, and disability, some or all of which may be permanent. Those injuries include, without limitation: traumatic left internal carotid artery dissection requiring emergency carotid endarterectomy with bovine pericardial patch angioplasty under general anesthesia; traumatic brain injury and post-concussion syndrome with chronic headaches, photophobia, diplopia, right-sided color vision loss, cognitive impairment, and vestibular dysfunction; closed wedge compression fracture of the L3 vertebra; right knee injury with persistent medial joint line pain requiring surgery; cervicalgia with cervical radiculopathy; binocular vision disorder with convergence insufficiency; left ankle sprain with ambulatory dysfunction; and past and future medical expenses including surgical, hospital, rehabilitative, vision therapy, and pharmacological costs.

45.    Defendants' operation of a commercial motor vehicle in interstate commerce without valid FMCSA operating authority, their knowing disregard of mandatory driver qualification requirements, and their pattern of regulatory non-compliance as documented in federal safety records, constitute reckless and outrageous conduct warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, Bryan Somers hereby demands judgment in his favor against Defendants in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus interest, delay damages, punitive damages and costs.

**Respectfully submitted,**
**BROOKS, BRADLEY &DOYLE**

**By:**_____
**DANIEL S. DOYLE, ESQUIRE**
**PA ATTORNEY I.D. NO. 77989**
**21 WEST SECOND STREET**
**MEDIA, PENNSYLVANIA  19063**
**PH: (610) 565-4800**
**dan.doyle@bbdlawfirm.com**
**ATTORNEY FOR PLAINTIFF**
**BRYAN K. SOMERS**

# VERIFICATION

**BRYAN K. SOMERS** avers that he is the plaintiff herein and as such verifies that the information contained in the foregoing is true and correct to the best of his knowledge, information, and belief. This verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

**BRYAN K. SOMERS**

DATE: 5/18/26

# EXHIBIT A

# SCHEDULE OF DAMAGES AND REPLACEMENT COSTS

*Itemized List of Damaged, Destroyed, and Lost Property*

Claimant submits the following itemized schedule of damages as an exhibit to the accompanying complaint. Each item listed below was damaged, destroyed, or rendered unusable as a direct result of the incident described herein. Replacement costs are based on current market prices for equivalent or like-kind items.

## Part I – Additional Costs & Equipment

| Item / Description | Replacement Cost |
| --- | --- |
| 6' x 8' 5K Rated Dump Trailer (Steel) | $5,700.00 |
| Tires & Service (3-4-2025) | $2,297.59 |
| CO Meter Kline ET-110 | $129.00 |
| Oxy/Acetylene Tote – Poly | $284.00 |
| Hydraulic Lift / Crane (Outdoor) | $319.00 + shipping |
| Welded Plate and Mount (by Welder) | $1,670.00 |
| OEM Tow Brake Kit for Trailer w/ 7 & 4 Pin | $111.00 |
| VAN PRO Complete Shelving for Ford Transit 250 Mid Roof | $4,951.00 |
| Weather Guard 216-3 Roof Rack & Deflector for Transit 250 | $1,115.00 + shipping |
| 10' Stainless Steel Pipe Storage Tube with Mounts | $399.00 + shipping |
| Automatic 32x Magnification Transit Level | $509.00 |
| CURT Class 4 Trailer Receiver for Transit 250 (# 14012) | $263.95 |
| Safety Separation Bulkhead for Transit 250 Mid Roof | $978.31 + shipping |
| Allsafe GmbH Payload Support System – Ford Transit 250 Mid Roof TRS | $3,855.29 + shipping |
| Premier Trailer Bearing Kit (6-Bolt Hub) | $55.12 |
| Oil Service (01/26/2025) | $40.72 |
| Victor High Pressure Brass Pressure Regulator w/ Gauges | $348.99 |
| Rhino USA Trailer Hitch Lock | $54.90 |
| Heavy Duty Aluminum Box Beam Level – 72" | $145.99 |
| Bungee Straps (12 – broken) | $30.13 |
| Stanley Compartment Boxes (4 units) | $96.40 |
| Fuel – 36 Gallons (87 Grade @ $3.38/gal) | $121.68 |
| Werner 8-Foot Type 1 Step Ladder (FS-100) | $119.00 + tax |

| Item / Description | Replacement Cost |
|---|---|
| 3/4" Red Stone – 2 Yards (Stone Loss) | $139.92 |
| PA Registration – Ford Transit 250 (4/1/2025) | $207.00 |
| Recent Truck Service (03/13/2025) | $318.34 |
| **Subtotal – Additional Costs & Equipment** | **$19,294.33** |

## Part II – Truck Replacement

| Vehicle Description | Replacement Cost |
|---|---|
| Ford Transit 250 Mid Roof 130WB (2020–2023) – Replacement Vehicle | $28,899.00 |

| TOTAL DAMAGES CLAIMED | $48,193.33 |
|---|---|

**Note:** *Costs marked "+ shipping" reflect base prices; final totals will include applicable shipping and tax upon verification of receipts. Claimant reserves the right to supplement this schedule as additional documentation becomes available.*